1

2

3

4

5

6

7

8

9 # UNITED STATES DISTRICT COURT

10 EASTERN DISTRICT OF CALIFORNIA

11

12 JAMES ALLEN REESE, JR.,     )   1:13-cv-00023 MJS HC
                          )

13           Petitioner,    )   FINDINGS AND RECOMMENDATIONS
                          )   TO DISMISS PETITION WITHOUT

14    v.               )   LEAVE TO AMEND FOR FAILURE TO
                          )   STATE A COGNIZABLE CLAIM

15                           )   (Doc. 1)
BRAZELTON, Warden,      )

16                           )   ORDER DIRECTING CLERK OF COURT
          Respondent.   )   TO ASSIGN DISTRICT COURT JUDGE

17                           )   TO THE PRESENT MATTER
_____)

18

19      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20 pursuant to 28 U.S.C. § 2254.

21 **I.**     **DISCUSSION**

22      **A.**     **Procedural Grounds for Summary Dismissal**

23      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

24      If it plainly appears from the petition and any attached exhibits that the petitioner
     is not entitled to relief in the district court, the judge must dismiss the petition

25      and direct the clerk to notify the petitioner.

26      The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

27 for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

28 motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260

1 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably

2 incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th

3 Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend

4 unless it appears that no tenable claim for relief can be pleaded were such leave granted.

5 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

6       **B.**    **Factual Summary**

7       On January 7, 2013, Petitioner filed the instant petition for writ of habeas corpus.  (Pet.,

8 ECF No. 1.) Petitioner challenges the decision of the Board of Parole Hearings ("Board")

9 finding him unsuitable for parole. Petitioner claims the California courts unreasonably

10 determined that there was some evidence he posed a current risk of danger to the public if

11 released. Further, Petitioner asserts that the application of Proposition 9 (Marsy's Law) to give

12 Petitioner a three (3) year parole denial was in violation of the Ex Post Facto Clause, and that

13 he was denied his constitutional right to effective counsel.

14       The Court shall review Petitioner's claims in turn.

15       **C.**    **Federal Review of State Parole Decisions**

16       Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

17 and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.

18 Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v.

19 Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

20       A district court may entertain a petition for a writ of habeas corpus by a person in

21 custody pursuant to the judgment of a state court only on the ground that the custody is in

22 violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a),

23 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389

24 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

25       The Supreme Court has characterized as reasonable the decision of the Court of

26 Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected

27 by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures

28 with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d

U.S. District Court
E. D. California

732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true even though Petitioner is challenging the Governor's reversals, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir.

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

1   2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold

2   a second suitability hearing before reversing a parole decision.").

3          Here, Petitioner argues that the Board improperly relied on evidence relating to

4   Petitioner's past criminal history. (Pet. at 12.) In so arguing, Petitioner asks this Court to

5   engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner does not

6   state facts that point to a real possibility of constitutional error or that otherwise would entitle

7   Petitioner to habeas relief because California's "some evidence" requirement is not a

8   substantive federal requirement. Review of the record for "some evidence" to support the

9   denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

10  The Court concludes that Petitioner's claim concerning the evidence supporting the

11  unsuitability finding should be dismissed.

12         Although Petitioner asserts that his right to due process of law was violated by the

13  Board's decision, Petitioner does not set forth any specific facts concerning his attendance at

14  the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the

15  parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of

16  the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

17         A petition for habeas corpus should not be dismissed without leave to amend unless

18  it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440

19  F.2d at 14. Here, the Court concludes that it would be futile to grant Petitioner leave to amend

20  his first claim, and orders the claim to be dismissed.

21         **D.     Ex Post Facto Claims**

22         Petitioner presents an ex post facto claim, based on Proposition 9, which was approved

23  by California voters in 2008, and amended California Penal Code § 3041.5[2] to defer

24  subsequent parole consideration hearings for longer periods of time. Id. Proposition 9, also

25  known as Marsy's Law, potentially is a retroactive application of a parole statute in violation

26

27         [2]This statute governs parole hearings, rights of prisoners, written statements by the parole board,
    rehearings and requests to advance parole hearings. Id. There is no mention of good-time or work-time credits
28  in California Penal Code § 3041.5.

U.S. District Court
E. D. California                                        -4-

1   of the ex post facto clause because the application of that statute results in an increased

2   parole deferral period and a longer term of incarceration. See Gilman v. Schwarzenegger, No.

3   10-15471, 2010 U.S. App. LEXIS 26975 at *4-8, 2010 WL 4925439 (9th Cir. Dec. 6, 2010)

4   (describing the changes to extend the deferral period for subsequent parole hearings from a

5   range of one to five years to a range of three to fifteen years).  Based on the potential

6   increased length of parole deferral periods "changes required by Proposition 9 appear to

7   create a significant risk of prolonging [prisoners'] incarceration." Id. at *17 (citation omitted).

8   Despite such appearance, the Ninth Circuit reversed the grant of a preliminary injunction to

9   a class of plaintiffs based on a failure to show a likelihood of success on the merits of such a

10   challenge. Id. at *25. The decision was based on the presumption that Marcy's Law allows for,

11   and that the Board will schedule, advance parole hearings that theoretically could be provided

12   before the three year minimum deferral period. Id. at *17-25. However, the underlying litigation

13   is still pending. See Gilman v. Brown, CIV-S-05-0830 LKK GGH, 2008 U.S. Dist. LEXIS

14   17949.[3]

15           Petitioner's claim raises conceptual problems by the fact that a 42 U.S.C. § 1983 action

16   is pending with respect to the validity of the Marsy's Law provision at issue.

17           As described above, Gilman v. Brown has been certified as a class action. The

18   parameters of the Gilman class, as is made clear in the order certifying the class, likely include

19   Petitioner. (Order, filed on March 4, 2009, in Gilman v. Brown, CIV-S-05-0830)[4] The Gilman

20   class consists of: California state prisoners who: "(i) have been sentenced to a term that

21   includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for

22   parole; and (iv) have been denied parole on one or more occasions." 2009 U.S. Dist. LEXIS

23

24

25

26           [3]A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994);
MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of

27   the Gilman v. Brown matter.

28           [4]See Docket # 182 of Case No. 05-CV-0830.

U.S. District Court
E. D. California

1    21614 at *11.[5] Petitioner is serving a life term with the possibility of parole and is potentially

2    challenging a parole suitability hearing.

3        A 42 U.S.C. § 1983 action, such as that in Gilman, is the appropriate vehicle for

4    challenging the constitutionality of Marsy's Law as Petitioner seeks to do here.  The Supreme

5    Court has found that where prisoners seek the invalidation of state procedures used to deny

6    parole suitability or eligibility, but did not seek an injunction ordering their immediate release

7    from prison, their claims were cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544

8    U.S. 74, 82 (2005). Here, Petitioner challenges the validity of a parole statute or regulation on

9    the basis that its application to him violates the ex post facto clause. Petitioner's ultimate goal

10   is a speedier release from incarceration. However, the immediate relief sought in this claim,

11   and in Gilman, is a speedier opportunity to attempt to convince the Board once again that he

12   should be released. Such a claim is too attenuated from any past finding by the Board for such

13   a claim to sound in habeas. Furthermore, a plaintiff who is a member of a class action for

14   equitable relief from prison conditions may not maintain a separate, individual suit for equitable

15   relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d

16   890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)

17   ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison

18   conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,

19   858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with

20   the orderly administration of the class action and risk inconsistent adjudications."). If Petitioner

21   seeks relief speedier than that being adjudicated for the other class members, he can raise

22   that issue by requesting to opt out of the class action.  McReynolds v. Richards-Cantave, 588

23   F.3d 790, 800 (2nd Cir. 2009).

24       Accordingly, it is recommended that Petitioner's claim with respect to Marsy's Law be

25

26

27       [5]As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. 05-CV-0830.

28

U.S. District Court
E. D. California

1   dismissed without prejudice to its resolution in the Gilman class action.[6]

2   **II.    CONCLUSION**

3          A petition for habeas corpus should not be dismissed without leave to amend unless

4   it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440

5   F.2d at 14.

6          Although Petitioner asserts that his right to due process of law was violated by the

7   Board's decision, Petitioner does not set forth any specific facts concerning his attendance at

8   the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the

9   parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of

10  the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1. Further,

11  Petitioner's other claims regarding the hearing are either without merit or not properly

12  presented before this court.

13         The Court concludes that it would be futile to grant Petitioner leave to amend and that

14  the Petition be dismissed.

15  **III.   RECOMMENDATION**

16         Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to

17  amend for failure to state a cognizable claim for relief. Further, the Court ORDERS the Clerk

18  of Court to assign a District Court Judge to the present matter.

19         These findings and recommendations are submitted to the United States District Court

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

21  304 of the Local Rules of Practice for the United States District Court, Eastern District of

22  California. Within thirty (30) days after being served with a copy, any party may file written

23  objections with the Court and serve a copy on all parties. Such a document should be

24  captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the

25  objections shall be served and filed within fourteen (14) days (plus three (3) days if served by

26

27         [6] It is noted that Defendants filed a motion to decertify the class on August 7, 2012. See Docket No. 427
    of Case No. 05-CV-0830. As the claim is being dismissed without prejudice, Petitioner may be entitled to seek
28  further relief should his rights no longer be adequately represented in Gilman.

U.S. District Court
E. D. California                                              -7-

1 | mail) after service of the objections. The Court will then review the Magistrate Judge's ruling

2 | pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections

3 | within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>

4 | <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 |

6 | IT IS SO ORDERED.

7 | Dated:      January 23, 2013                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

U.S. District Court
E. D. California

-8-